Stayner *v.* Knowler *et al.*

No. 8787.

STAYNER *v.* KNOWLER ET AL.

PROMISSORY NOTE.—*Interest.*—*Erasure.*—*Review of Judgment.*—A note payable five years after date had printed therein "with ten per cent. interest after maturity;" "with ten per" had been erased and on the line above was written "payable at six per cent. interest."

*Held,* that only the rate of interest was changed and not the time interest should begin, viz., after maturity.

*Held,* also, in an action to review a judgment taken upon the note, with interest from date, that such a judgment was erroneous, and that a complaint to review for such cause was sufficient.

From the Steuben Circuit Court.

*R. W. McBride,* for appellant.

*J. A. Woodhull* and *W. G. Croxton,* for appellees.

FRANKLIN, C.—Appellant commenced this suit to review a judgment in said court rendered against him in favor of appellees, upon a certain promissory note, alleging that there was manifest error apparent upon the face of the proceedings in this, that interest was counted at six per cent. from date of note, instead of from maturity. A demurrer was sustained to the complaint for review.

The only question presented in this court is as to whether the note drew interest from date; if it did, the judgment is admitted to be right; if it did not, the judgment is admitted to be erroneous.

The original note, by agreement, is made a part of the record. The following is a copy of the note, the printed parts being italicized:

"$500.                    JACKSON, IND., 2d February, 1872.

"Five years *after date I promise to pay to the order of* Maliss Noler ~~or order,~~ five hundred                    *Dollars.*

"*Payable at* six per cent. interest.

"*Value received, without any relief from valuation or appraisement laws,* ~~with 10 per~~ cent. *interest after maturity.*

"WILLIAM P. STAYNER."

The words "six per cent. interest," written in the blank left for the place of payment, stand in the line above and to the left extending to nearly even with the beginning, in the line below, of the words "with 10 per," which had been erased. The erasure of the printed words "with 10 per," and the writing in above the erasure the words "six per cent. interest," we think, only changed the rate of interest that the note would bear, and did not change the time that the interest should begin to run. And the erasure of the printed words "with 10 per," leaving the remainder of the printed sentence unerased, indicates an intention to leave it standing as a substantial part of the note, to control the time when the interest should begin to run.

The complaint in the original cause did not ask to reform any mistake in the note, and it must, therefore, be construed upon its face as it reads.

The court below erred in sustaining the demurrer to the complaint to review, for which error the judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be and the same is in all things reversed, at appellees' costs, and that the cause be remanded with instructions to the court below to overrule the demurrer to the complaint to review, and for further proceedings.